## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARCUS COLEMAN** | : | **DOCKET NO. 17-cv-1628** |
|    D.O.C. # 322817 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DARRYL VANNOY ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus and civil rights action filed by pro se petitioner Marcus Coleman. Coleman is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DOC") and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

### I.
#### BACKGROUND

Coleman brings this petition to challenge his allegedly unconstitutional incarceration. He states that he was in DOC custody following a 2007 conviction in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, but that the conviction and sentence were vacated by the Louisiana Third Circuit Court of Appeal on December 16, 2016, and that the matter was remanded to the Fourteenth Judicial District, Calcasieu Parish, Louisiana, for a new trial.[1] Doc. 1, att. 2. Coleman maintains that he has remained in custody "as one convicted of a crime" since the Third Circuit's

---

[1] A search under the case number provided by Coleman shows that he was convicted of armed robbery in 2007, then adjudicated as a fourth felony offender and sentenced to a ninety-nine year term of imprisonment. *State v. Coleman*, 2010 WL 3903831 (La. Ct. App. 3d Cir. Oct. 6, 2010). We can find no record of the 2016 Third Circuit decision, or any subsequent action by the Louisiana Supreme Court, in the databases available to us. However, we do not take this as any indication that these rulings do not exist.

ruling. *Id.* at 2–3. Accordingly, he now brings suit against Darryl Vannoy, Warden of the Louisiana State Penitentiary; John DeRosier, Calcasieu Parish District Attorney; and the State of Louisiana. *Id.* He claims that his continued confinement violates the Eighth and Fourteenth Amendments to the United States Constitution, and seeks compensatory and punitive damages as well as "such other relief as it may appear that [he] is entitled." *Id.* at 3–4.

## II.
### LAW & ANALYSIS

#### A. Frivolity Review

Because Coleman has filed his claims for damages under 42 U.S.C. § 1983, those claims are subject to screening under the Prison Litigation Reform Act. 28 U.S.C. § 1915A. Under that law, a district court is required to review any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee, regardless of whether he has paid the filing fee, and to dismiss same under § 1915A(b)(1) if the complaint is frivolous. *Thompson v. Hayes*, 542 Fed. App'x 420, 420–21 (5th Cir. 2013). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). When determining whether a complaint is frivolous, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995).

#### B. Application

##### 1. Section 1983 claims

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants

liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

Coleman asserts claims for damages based on an alleged constitutional violation committed by one or more state actors. Therefore, his claims appear to be properly brought under § 1983. However, his constitutional claims challenge the validity of his incarceration. In *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), the Supreme Court held that a civil rights suit that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983. The same concern was considered in the context of a pretrial detainee in *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995). There the Fifth Circuit instructed that, when a district court cannot determine whether a pretrial detainee's § 1983 claims are barred by *Heck*, the court may and indeed should stay the proceedings until the pending criminal case has run its course. *Mackey*, 47 F.3d at 746.

Here Coleman alleges that the Third Circuit vacated his conviction and sentence. However, he admits that his case has been remanded for a new trial, making him a pretrial detainee. In order for this court to determine whether there are any *Heck* concerns with regard to his claims, and whether a stay is appropriate, Coleman must amend his complaint and identify the specific constitutional violations alleged with regard to his pretrial detention, stating his allegations **with specificity**. He may attach whatever supporting documentation he wishes to his response.

   2. *Habeas corpus claims*

Although Coleman brings this action under § 1983, he also requests whatever other relief he may be due and clearly challenges the very fact and duration of his confinement. Accordingly,

to the extent that he might still be incarcerated on a judgment of the state court or as a pretrial detainee, his claims should be asserted in a habeas corpus petition rather than a civil rights action. *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.), *reheard en banc and rev'd in part*, 133 F.3d 940 (5th Cir. 1997). A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). This is accomplished "when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* A court may dismiss a petition *sua sponte* for lack of exhaustion. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984).

To the extent Coleman intends to use this action to request a release from confinement, he should file a petition for writ of habeas corpus. However, he should be aware of the exhaustion requirements above and exhaust those claims through the state courts before pursuing such relief here.

## III.
### CONCLUSION

Coleman's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Coleman at his last address on file.

**IT IS ORDERED** that Coleman amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962).

Coleman is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 29th day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE