UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARCUS V. COLEMAN** | : | **DOCKET NO. 17-cv-1628**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DARRYL VANNOY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is an amended civil rights complaint [doc. 11] filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff Marcus V. Coleman, who is proceeding in forma pauperis in this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the matter be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### I.
#### BACKGROUND

Coleman seeks damages based on the alleged refusal of the defendants to afford him bail following the reversal of his conviction and order for a new trial by the Louisiana Third Circuit Court of Appeal. Doc. 1. In his amended complaint, he reveals that the Third Circuit's judgment has been appealed by the state to the Louisiana Supreme Court and that no decision has yet been rendered. *See* doc. 11, p. 2; doc. 11, att. 1.

## II.
### LAW & ANALYSIS

Coleman's amended petition shows that his claims are barred under *Heck v. Humphrey*, 114 S.Ct. 2364 (1994).[1] Coleman was warned of *Heck*'s potential impact on his claims in our amend order. Doc. 8, p. 3. His response reveals that the Third Circuit's decision vacating the conviction and sentence is under review, and so a stay does not appear appropriate in this matter given that we would have to await both the Louisiana Supreme Court's decision and then, potentially, the resolution of all proceedings relating to his new trial before the *Heck* bar is lifted. Accordingly, his claims should be dismissed with prejudice to their being asserted again unless and until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see Anderson v. Galveston Cty. Dist. Clerk*, 91 Fed. App'x 925 (5th Cir. 2004) (unpublished) (upholding dismissal of *Heck*-barred claims as frivolous). As stated in our previous order, Coleman remains free to challenge the fact or duration of his confinement through a habeas petition filed under 28 U.S.C. § 2241, but should be mindful of that statute's exhaustion requirements. *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987).

## III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that Coleman's suit be **DISMISSED WITH PREJUDICE** as frivolous, as described above, under 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

---

[1] *E.g.*, *Davis v. Robertson*, 2015 WL 4092799 (W.D. La. Jul. 6, 2015) (finding claims based on denial of bond to be *Heck*-barred); *Boyd v. Lasher*, 2010 WL 420551 at *4–*5 (E.D. La. Jan. 28, 2010) (same), report and recommendation adopted, 2010 WL 444778 (E.D. La. Feb. 28, 2010); *O'Neal v. Georgia*, 2010 WL 1658593 at *3 (S.D. Ga. Mar. 18, 2010) (same), report and recommendation adopted, 2010 WL 1658590 (S.D. Ga. Apr. 21, 2010); *Franklin v. Dep't of Corr.*, 2012 WL 3043004 at *2–*3 (S.D. Fla. Jun. 5, 2012) (same), report and recommendation adopted, 2012 WL 3041192 (S.D. Fla. Jul. 25, 2012).

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE